[Cite as *State v. Owens*, 2015-Ohio-3881.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102276

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROY OWENS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578405-A

**BEFORE:**   Stewart, J., E.A. Gallagher, P.J., McCormack, J.

**RELEASED AND JOURNALIZED:**   September 24, 2015

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Mary Weston
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Just days before the statute of limitations was to expire, the state of Ohio indicted defendant-appellant Roy Owens for rape. In addition to the victim's allegations, the state had in its possession DNA evidence obtained from the victim at the time of the rape, but not tested for nearly 19 years. The test result was positive for Owens's DNA. Owens filed a motion to dismiss the indictment on grounds of preindictment delay, arguing that the delay prejudiced him because he was unable to obtain evidence in his defense and that his memory of the incident, as well as the victim's memories and those of other potential witnesses, had faded. The court denied the motion and Owens pleaded no contest, leading to his conviction. On appeal, Owens argues that the court erred by denying his motion to dismiss and that the court erred by sentencing him under the law applicable at the time the alleged rape occurred.

{¶2} The statute of limitations for a criminal offense is a defendant's primary protection against overly stale criminal charges. *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In some circumstances, however, the Due Process Clause of the Fifth Amendment has been applied to provide additional protection against egregious delay in instituting prosecutions. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). To establish that preindictment delay violated

the Due Process Clause, a defendant must first show that the delay caused actual and substantial prejudice to his right to a fair trial and, second, that the state delayed prosecution to gain a tactical advantage or slowed the process down for some other impermissible reason. *United States v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), citing *Lovasco* at 789; *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. In *State v. Whiting*, 84 Ohio St.3d 215, 1998-Ohio-575, 702 N.E.2d 1199, the Ohio Supreme Court held that the second element of the test requires the state to produce evidence of a justifiable reason for the delay. *Id.* at 217. Decisions granting or denying a motion to dismiss for preindictment delay are reviewed for an abuse of discretion. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 33, citing *State v. Parson*, 6 Ohio St.3d 442, 445, 453 N.E.2d 689 (1983).

{¶3} Owens does not so much argue that he suffered actual prejudice from the delay in bringing this prosecution; instead, he argues that the test for establishing preindictment delay makes it impossible under the circumstances for him to prove "actual" prejudice. He maintains that he is put in the position of having to recreate for the court what *might* have happened had the prosecution not been delayed: a task that he cannot hope to perform because there is no other evidence or information available to use for context that would indicate what the missing witnesses (if any) might have said.

**{¶4}** In fact, the actual prejudice standard requires a defendant claiming preindictment delay to show more than what *might* have happened — the word "might" implies speculation and this court has made it clear that speculation does not show actual prejudice. *State v. Thomas*, 8th Dist. Cuyahoga No. 101202, 2015-Ohio-415, ¶ 11; *State v. McFeeture*, 8th Dist. Cuyahoga No. 100434, 2014-Ohio-5271, 24 N.E.3d 724, ¶ 120. In other contexts, the phrase "actual prejudice" has been defined as an error, the absence of which would have led to a reasonable probability that the outcome of the proceeding would have been different. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (ineffective assistance of counsel). In this sense, "actual" prejudice is distinguished from "harmless" error — any error that does not affect the outcome of the proceeding. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

**{¶5}** While the use of the actual prejudice standard sets a high bar to proving preindictment delay, the bar is set high because the statute of limitations unquestionably gives the state 20 years in which to commence a rape prosecution. *See* R.C. 2901.13(A)(3)(a). It is for this reason that the concept of preindictment delay is designed to protect defendants only from government abuses of the statute of limitations; hence the notion that preindictment delay exists not only when the defendant can show actual

prejudice, but that the state has, in addition, purposely delayed bringing a prosecution to obtain a tactical advantage or for some other "impermissible" reason. The law requires a defendant to do more than offer mere speculation as to how he was prejudiced by any delay because requiring less would undermine the statute of limitations.

{¶6} Against this backdrop, we have the added wrinkle that the prosecution in this case occurred only because the state decided to test the rape kit as the statute of limitations was about to expire. As represented by the state, that testing occurred when "the Cleveland Police Department began an initiative to forward a backlog of rape kits to the Ohio Attorney General's Bureau of Criminal Identification and Investigation (hereinafter "BCI") for DNA testing." Appellee's brief at 2. Owens, with no contradiction by the state, asserts that the "backlog" in Cleveland amounted to upwards of 4,000 untested rape kits. *See* Motion to Dismiss at 2. The state gives no plausible reason why the rape kit was not tested sooner, apart from the comment that there was "the recent ability to test the rape kit with DNA technology * * *." *Id*. at 15. The phrase "recent ability" is meaningless, at least insofar as it refers to the technology of DNA testing — that technology existed in 1993 at the time of the alleged rape. *See, e.g., State v. Pierce*, 64 Ohio St.3d 490, 1992-Ohio-53, 597 N.E.2d 107. In reality, it appears that the police did not test the rape kit because the victim did not appear for several scheduled

interviews and they saw no point in further investigating a crime that the victim presumably did not wish to prosecute.

{¶7} Circumstances like these in other cases prompted this court's en banc consideration of "the standard for demonstrating actual prejudice" in rape cases filed on the eve of the 20-year statute of limitations after rape kits were finally submitted for testing. *State v. Jones*, 8th Dist. Cuyahoga No. 101258, 2015-Ohio-2853, ¶ 13. We stated in *Jones* that we would evaluate claims of actual prejudice "in terms of basic concepts of due process and fundamental justice." *Id.* at ¶ 47.

{¶8} It would be a misreading of *Jones* to conclude that it abandoned the actual prejudice standard set forth in decisions by both the United States Supreme Court and the Ohio Supreme Court. The court's statement that claims of actual prejudice would be evaluated in terms of basic concepts of due process and fundamental justice was unremarkable because due process, upon which all claims of preindictment delay are based, is concerned with "'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Lovasco*, 431 U.S. at 790, 97 S.Ct. 2044, 52 L.Ed.2d 752, quoting *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935). In other words, the state's right to bring a criminal prosecution at any time during the statute of limitations period is balanced by fundamental due process conceptions of liberty that prohibit the state from exercising that

right in a manner that would be so unfair as to deprive the defendant of due process of law. We made this precise point in *State v. Doksa*, 113 Ohio App.3d 277, 680 N.E.2d 1043 (8th Dist.1996):

> It is well-settled, however, that such delay constitutes a violation of the constitutional guarantees of due process of law where the delay "violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,'" and "which define 'the community's sense of fair play and decency.'" *United States v. Lovasco* (1977), 431 U.S. 783, 790, 52 L.Ed.2d 752, 97 S.Ct. 2044 (citations omitted). This determination first requires the defendant to demonstrate that a lengthy pre-indictment delay resulted in actual prejudice to him. *Id.*, at 789. Secondly, the reason for the delay must be weighed against the prejudice arising out of it. *Id.*, at 790. *See, also*, *State v. Luck, supra*, syllabus.

{¶9} Our decision in *Jones* does not supplant the existing standard for determining preindictment delay in favor of a new standard where we apply our own undefined concept of what is fair. *Lovasco* makes it clear that "[j]udges are not free, in defining 'due process,' to impose on law enforcement officials our 'personal and private notions' of fairness and to 'disregard the limits that bind judges in their judicial function.'" *Id.*, quoting *Rochin v. California*, 342 U.S. 165, 170, 72 S.Ct. 205, 96 L.Ed. 183 (1965). *Jones* does not purport to establish new precedent that materially changes the actual prejudice standard used for claims of preindictment delay.

{¶10} That *Jones* simply acknowledged due process concerns attendant to preindictment delay cases was borne out by our discussion of the facts in that case. The victim in *Jones* told the police that she and Jones, whom she

characterized as a friend, went to his mother's house. She claimed that a violent argument ensued between them, culminating with Jones taking her into a bedroom and raping her. *Id.* at ¶ 4. The victim reported the crime to the police, identified Jones by name, and submitted to rape kit testing. The police took the victim's clothing and obtained the 911 call reporting the alleged rape. Jones claimed that the police interviewed him and he told them that he and the victim engaged in consensual sexual conduct. However, the police claimed that they were unable to locate the victim for subsequent follow up, so they shelved the rape kit and closed the case until such time as the victim came forward. When the police finally tested the rape kit and received positive results for Jones's DNA, they waited more than a year to reopen the case and indicted him on the last day of the 20-year limitations period.

{¶11} Jones filed a motion to dismiss the indictment, claiming that the 20-year delay caused him actual prejudice in offering a defense that the victim consented to sexual conduct. As proof of actual prejudice, he claimed an inability to offer evidence from this mother, by then deceased, who was in the house at the time of the alleged rape and would have corroborated his assertion that he and the victim were in a relationship and that there was no violent fight as described by the victim. In addition, he argued that the victim's clothing she wore on the night of the alleged offense had been destroyed, thus

denying him the opportunity to examine it and undermine her claim that she and Jones engaged in a violent fight.

{¶12} The court granted the motion to dismiss, finding both that Jones made out a claim of actual prejudice and that the state offered no justification for the delay. The court found that the mother's death, the loss of physical evidence, and the certainty of diminishing memories, constituted actual prejudice. The court also found that the police failed to offer any satisfactory reason for the delay, concluding that its claim that the victim gave them a "bad" address was unbelievable and that there was no evidence that the police made any additional effort to contact the victim. Importantly, the court noted that the police had an address for the victim's mother, and that it apparently had no difficulty locating the victim once it obtained the DNA results. Finally, the court noted that the results of the rape kit were immaterial given that Jones all along confirmed that he and the victim engaged in sexual intercourse, so any claim by the police that they did not have enough evidence to prosecute without the rape kit was disingenuous.

{¶13} Viewing these facts, this court found that the court did not abuse its discretion by concluding that Jones established actual prejudice from the preindictment delay. The trial court's findings were factual in nature, and nothing argued by the state showed that the court's findings rose to the level of an abuse of discretion. Likewise, we had no basis in *Jones* to find that the

court abused its discretion by rejecting the state's assertions regarding the reasons for the delay. To the extent there was a question of "substantial justice," it applied to the state's reasons justifying the length of the preindictment delay — as the trial court noted in its order granting Jones's motion to dismiss, "the police did nothing in spite of the fact they had the name of the defendant, the location of the alleged rape, a rape kit, the availability of defendant's clothing, the address of the victim's mother and the name of the witness." In other words, the trial court in *Jones* found the delay inexcusable and thus unjustified.

{¶14} Unlike *Jones*, the facts of the present appeal do not warrant the conclusion that the court abused its discretion by denying Owens's motion to dismiss on grounds of preindictment delay. Owens pleaded no contest to the indictment, so the record is sparse. It appears that the victim reported the rape to the police and gave a statement that identified her assailant as a person named "Roy." The police later came to believe this person was Owens. The police obtained a DNA sample, but the victim failed to show for several appointments the police made to meet with her and take her statement.

{¶15} We earlier noted Owens's acknowledgment that he cannot prove actual prejudice from the state's delay in seeking the indictment. In argument before the trial judge, Owens claimed that the length of time meant that he had "no way to recall his whereabouts" at the time of the offense so as

to formulate an alibi defense. That argument carried no weight at all given that DNA testing confirmed Owens as the source of semen taken from the victim at the time she reported the rape. As for potential witnesses, Owens not only concedes that he has none, but that if they did exist, "we simply don't know that the missing witnesses might have said." Appellant's brief at 5. This case is very much unlike *Jones*, where Jones could point to others present in the house at the time who would have corroborated his claim that he and the victim were more than friends and that no violent fight occurred in the house as alleged by the victim. By his own admission, Owens has nothing at all to show prejudice in a manner consistent with established precedent. This being the case, we cannot find that the court abused its discretion by concluding that no actual prejudice was demonstrated. We therefore conclude that the court did not abuse its discretion by denying the motion to dismiss the indictment on grounds of preindictment delay.

{¶16} Owens next argues that the court erred by sentencing him to an indefinite term of imprisonment of 8 to 25 years in prison rather than a definite term of prison, contrary to the provisions of R.C. 1.58(B). We sustain this assignment of error under authority of *State v. Hill*, 8th Dist. Cuyahoga No. 101633, 2015-Ohio-2389, where we held that the court should have imposed a definite prison term for an offender who committed a rape before the effective date of H.B. 86, but who was sentenced after the effective date of H.B. 86. *Id.*

at ¶ 12-13.   The rape offense in this case occurred in September 1993, but Owens was not sentenced until July 2014, well after the September 30, 2011 effective date of H.B. 86.   The court thus erred by failing to afford Owens the more lenient definite sentencing provisions.   *See also State v. Bryan*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635; *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137; *State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545; *State v. Steele*, 8th Dist. Cuyahoga Nos. 101139 and 101140, 2014-Ohio-5431.   We vacate Owens's sentence and remand with instructions for the court to resentence Owens under the provisions of H.B. 86.

**{¶17}** Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR