[Cite as *State v. Whitfield*, 2016-Ohio-490.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102554**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DARNELL WHITFIELD

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582437-A and CR-14-586654-A

**BEFORE:** Laster Mays, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 11, 2016

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Denise J. Salerno
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Darnell Whitfield ("Whitfield"), filed a pro se notice of appeal in two different cases, however the cases were consolidated, pursuant to App.R. 3(B) for purposes of this appeal. In the first case, Whitfield pleaded guilty to having a weapon while under disability in addition to a forfeiture specification, in violation of R.C. 2923.13(A)(2), a third-degree felony. The trial court found Whitfield amenable to community control sanctions, and Whitfield was remanded for placement in the community-based correctional facility. Whitfield was advised that if he violated the terms of his community control, he would be sentenced to 36 months in prison.

{¶2} In the second case, Whitfield pleaded guilty to three counts of rape with a three-year gun specification, in violation of R.C. 2907.02(A)(2), a first- degree felony. He also pleaded guilty to two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), a first-degree felony. The trial court classified Whitfield as a sexual predator and sentenced Whitfield to 24-years imprisonment.

{¶3} After a review of the record, Whitfield's plea is vacated and remanded to the trial court. Whitfield assigns three errors for our review. For ease of review, we will address assignment of error two first, but assignment of error one is dispositive of the case, and we need not address the third:

> I. The trial court erred by accepting the appellant's guilty pleas when the trial court failed to determine that the appellant understood the maximum penalties involved as required by Crim.R. 11(C)(2).

II.    The appellant received ineffective assistance of counsel at the time of his plea thereby rendering his convictions void under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

III.    The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.

## I.    Facts and Procedural Posture

{¶4} Whitfield was charged in a ten-count indictment for the rape and kidnapping of three women in 1997, 1998, and 2001. DNA analysis was not available then, and Whitfield was not charged with rape until the Bureau of Criminal Investigation ("BCI") tested the DNA from the victims' assault kits.  The DNA matched Whitfield's DNA. He pleaded guilty and was sentenced.  During the plea colloquy, when the judge reviewed the counts Whitfield pleaded guilty to, he stated, "[Counselor], there was no PRC [postrelease control] back in 98, correct?", and "Or in 2000, 2001 rather.  PRC does not apply."  Tr. 220.  However, at sentencing, the judge stated,

> * * * as part of your sentence, when you are released from the penitentiary you'll be subject to a period of supervision by the Ohio Adult Parole Authority.  This will be for a mandatory five-year period.  If you violate any postrelease control rule or condition, you may be subject to a more restrictive rule or condition, a longer duration under supervision, or you may be sent back to prison even though you had done all the time to which you had been sentenced.
> You could get up to nine months in prison for each rule violation.  The total, however, for all rule violations cannot be any more than one-half of the prison sentence you receive, unless the rule violation is for the commission of a new felony, in which case you could receive a prison term the greater of one year or the time remaining on post-release control, in addition to any time you receive for the new felony.  The PRC prison term must be served consecutively to any prison term received for the new felony.  (Tr. 278-279.)

Accordingly, Whitfield was not advised of PRC at the plea. Because there was a discrepancy between what the judge stated at the plea colloquy and what he stated at sentencing, Whitfield has filed this timely appeal.

## II. Ineffective Assistance of Counsel

{¶5} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland* at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. *Id*. at 689. In Ohio, there is a presumption that a properly licensed

attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶6} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. *State v. Bell*, 8th Dist. Cuyahoga No. 102141, 2015-Ohio-4178, ¶ 60, citing *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

{¶7} Whitfield, in his second assignment of error, argues that he received ineffective assistance of counsel at the time of his plea because his trial counsel failed to file a pretrial motion to dismiss due to prejudicial preindictment delay. To prevail on this claim, Whitfield must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive Whitfield of a fair trial. Failure to establish either element is fatal to the claim. Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52 (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other.").

{¶8} The state, in this case, did not delay Whitfield's indictment. This case was a cold rape case where the assailant was unknown until the DNA that was collected in the rape kit was tested.

> While the use of the actual prejudice standard sets a high bar to proving pre-indictment delay, the bar is set high because the statute of limitations unquestionably gives the state 20 years in which to commence a rape prosecution. *See* R.C. 2901.13(A)(3)(a). It is for this reason that the concept of pre-indictment delay is designed to protect defendants only from government abuses of the statute of limitations; hence the notion that pre-indictment delay exists not only when the defendant can show actual prejudice, but that the state has, in addition, purposely delayed bringing a prosecution to obtain a tactical advantage or for some other "impermissible" reason. The law requires a defendant to do more than offer mere speculation as to how he was prejudiced by any delay because requiring less would undermine the statute of limitations.

*State v. Owens*, 8th Dist. Cuyahoga No. 102276, 2015-Ohio-3881, ¶ 5. This indictment was within the 20-years statute of limitations. Whitfield has not shown actual prejudice that the state purposely delayed prosecution to obtain a tactical advantage or for some

other impermissible reason. In fact, once the state matched Whitfield's DNA through a Combined DNA Index System ("CODIS") hit, they proceeded with the case. A preindictment delay issue does not exist. We find that Whitfield has not shown that he was denied effective assistance of counsel in violation of his rights guaranteed to him by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution. We overrule Whitfield's second assignment of error.

### III.    Accepting the Guilty Plea

{¶9} In his first assignment of error, Whitfield argues that the trial court erred by accepting his guilty pleas when the trial court failed to determine that he understood the maximum penalties involved as required by Crim.R. 11(C)(2). This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 22.

{¶10} Rigorous adherence to the requirements of Crim.R. 11(C)(2)(c), or strict compliance, is required for constitutional rights. However, for nonconstitutional rights, substantial compliance is sufficient. When a court deviates from the text of Crim.R. 11 for nonconstitutional rights, substantial compliance will be found when, examining the totality of the circumstances, the record indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). An explanation of the maximum penalty is required by Crim.R. 11(C)(2)(a). This is a nonconstitutional right, so this court will look for substantial compliance. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893

N.E.2d 462, ¶ 31; *State v. Pluhar*, 8th Dist. Cuyahoga No. 102012, 2015-Ohio-3344, ¶ 8. A complete failure to comply with the rule does not implicate an analysis of prejudice. *Sarkozy*, at ¶ 22.

{¶11} Under this standard, slight deviations are permissible, so long as the totality of the circumstances indicate that the defendant subjectively understood the implications of his plea. *State v. Phillips*, 12th Dist. Butler No. CA2008-05-126, 2009-Ohio-1448, ¶ 13, citing *Clark* at ¶ 31. With regard to a nonconstitutional right, the reviewing court must determine whether the trial court partially complied or whether it failed to comply with the rule. *Id*. at ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, that is, that he would not have entered the plea. *Id*.; *Nero* at 108. If the trial court completely failed to comply with the rule, the plea must be vacated. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7. However, "a complete failure to comply with the rule does not implicate an analysis of prejudice." *Id*. at ¶ 22.

{¶12} Whitfield contends that because the judge stated at the plea colloquy, that postrelease control did not apply and then stated at sentencing, that he would be under postrelease control, the judge did not substantially comply with Crim.R. 11. Crim.R. 11(C)(2) requires a trial court, before accepting a guilty plea, to address the defendant personally to (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the guilty plea,

and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶13} Whitfield contends that he did not understand the maximum penalties involved with pleading guilty, thus he was prejudiced. Furthermore, this court in 2009 held that a trial court's failure to strictly adhere to Crim.R. 11(C)(2)(c) will not automatically require a trial court to vacate a guilty plea. *State v. Soltis*, 8th Dist. Cuyahoga No. 92574, 2009-Ohio-6636, ¶ 20. However, in *Sarkozy*, the court stated:

> The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a). A complete failure to comply with the rule does not implicate an analysis of prejudice.

*Sarkozy* at ¶ 22. The appellant does not need to demonstrate a prejudicial effect in this limited circumstance. Following the holding in *Sarkozy*, we must vacate Whitfield's plea and remand to the trial court for further proceedings.

{¶14} The judgment of the trial court is reversed and remanded.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds that there reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J. and
EILEEN T. GALLAGHER, J., CONCUR