[Cite as *State v. McCoy*, 2019-Ohio-868.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 107029

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## RAYSHAWN McCOY

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610320-A

**BEFORE:** Yarbrough, J.,* Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 14, 2019

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1200 West 6th Street, Suite 203
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Melissa Riley
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

STEPHEN A. YARBROUGH, J.:*

{¶1}   An altercation that defendant-appellant Rayshawn McCoy had with his victim-girlfriend turned into several hours of torture where he prevented her from leaving by strangling her to the point that she lost consciousness.  The matter proceeded to trial, and the jury found McCoy guilty of one count of kidnapping.   The issues on appeal concern the evidence supporting the conviction, whether the court erred by refusing to sever the trial from charges made by a different victim, preindictment delay, and the sentence.

I.  Evidence of Kidnapping

{¶2}   The first and second assignments of error complain about the weight and sufficiency of the evidence supporting the kidnapping count.

{¶3} We review complaints about the sufficiency of the evidence supporting a conviction by viewing the evidence in the light most favorable to the prosecution to determine whether any "'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"   *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 34, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶4} The state charged McCoy with kidnapping in violation of R.C. 2905.01(A)(3).  As applicable here, that section states that no person, by force, shall restrain the liberty of the other person by terrorizing or inflicting serious physical harm on another.  In this context, to "terrorize" someone is to "impress with terror, fear or to coerce by intimidation."   *State v. Vigil*, 8th Dist. Cuyahoga No. 103940, 2016-Ohio-7485, ¶ 22.

**{¶5}** The victim testified that McCoy, with whom she had been in a relationship, came to her apartment in the evening. At some point, the two began arguing. The argument became physical, with McCoy hitting and choking the victim. McCoy repeatedly placed his hand over her mouth and nose in a way that impeded her ability to breathe and caused her to lose consciousness. The victim testified that McCoy "smothered me so bad, and made me pass out so bad, that my eyes bloodshotted over from a lack of oxygen." The victim tried to move to another room (the victim's two children were asleep so she could not leave the apartment), but McCoy would not permit it — she testified that "[h]e grabbed me and held me hostage." When the victim told McCoy that she needed to use the bathroom, he refused, causing her to soil herself. He later relented and "dragged me in [the bathroom] and stood over me and wouldn't let me take off my clothes." The victim eventually offered to have intercourse with McCoy, in the hope that the act would calm him. However, McCoy failed to become aroused and in his anger assaulted the victim again. He eventually fell asleep, holding the victim in a bear hug. He left the following morning.

**{¶6}** This evidence that the victim tried to get away from McCoy, but that he continued to smother and choke her into submission, was sufficient to prove the restraint element of kidnapping. In addition, a rational trier of fact could find that McCoy terrorized the victim: first, by repeatedly assaulting her and smothering her into unconsciousness and, second, by humiliating her by denying her access to the bathroom and forcing her to remain in soiled clothing.

{¶7} With respect to the claim that the kidnapping conviction is against the weight of the evidence, McCoy's sole argument is that the jury found him not guilty of two counts of rape, three counts of gross sexual imposition, and one count of kidnapping charged in connection with the events of that evening, so it could not have rationally found him guilty of a single count of kidnapping.

{¶8} "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932). It is thus within the province of the trier of fact to determine issues of credibility and the weight to be accorded that testimony with respect to each individual count. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The acts charged on those counts for which the jury returned a verdict of not guilty were different in kind from the acts detailed in the kidnapping count. Because the facts of the kidnapping stand alone, there was no apparent inconsistency in the verdict. We thus have no basis for finding that the jury lost its way by finding McCoy guilty of kidnapping.

## II. Motion to Sever

{¶9} The indictment originally charged McCoy with acts committed against two victims almost two years apart: Jane Doe 1 (the victim in the instant case) and Jane Doe 2. McCoy filed a motion seeking a separate trial for each victim, but the court denied the motion.

{¶10} Two or more offenses may be charged in the same indictment if the offenses charged are of similar character or are based on the same transaction, or are part of a course of criminal conduct. *See* Crim.R. 8(A). The law favors joinder of offenses as "avoiding duplication inherent in multiple trials and minimizes the possibility of incongruous results that can occur in successive trials before different juries." *State v. Hamblin*, 37 Ohio St.3d 153,

157-158, 524 N.E.2d 476 (1988). Nevertheless, if the defendant can show prejudice from the joinder of offenses — the denial of a fair trial — the court, upon motion, shall order a separate trial. *See* Crim.R. 14; *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 44.

{¶11} McCoy can show no prejudice from joinder because the jury acquitted him of all counts relating to Jane Doe 2. This showed that the jury was able to differentiate the evidence between the two Jane Does and did not improperly use evidence of guilt with respect to one victim as proof of guilty going to the other victim. *See* Evid.R. 52(A); *United States v. Edgar*, 82 F.3d 499, 504 (1st Cir.1996) (applying similar federal rules). McCoy was not denied a fair trial.

## III. Preindictment Delay

{¶12} The kidnapping occurred in October 2007. The police investigated, but later dropped the investigation when the victim stated that she did not wish to pursue charges against McCoy, with whom she had reconciled. Nevertheless, DNA swabs were taken by medical personnel who administered a rape kit at the time and, some ten years later, the rape kit was tested and identified McCoy. The victim then agreed to prosecute. McCoy asked the court to dismiss the indictment on grounds of preindictment delay, arguing that he suffered actual prejudice from the delay because "he may have fact witnesses who would have been able to verify that the stories provided were fabricated" and "the cell phone records that would have been available during this period of time would have demonstrated and the text messages would have demonstrated what this dispute was about." The court found no prejudice and denied the motion to dismiss.

**{¶13}** The defendant bears the initial burden of presenting evidence of actual prejudice sufficient to warrant dismissal on grounds of preindictment delay. *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 13. Actual prejudice is "error, the absence of which would have led to a reasonable probability that the outcome of the proceeding would have been different." *State v. Owens*, 8th Dist. Cuyahoga No. 102276, 2015-Ohio-3881, ¶ 4. "Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id.* If the defendant fails to establish actual prejudice, the court is not required to consider the reasons for the delay. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 107.

**{¶14}** McCoy did not show actual prejudice — he relied on speculation. For example, he did not name any witnesses who would verify his claim that the victim fabricated her accusation; instead, he gave the names of three people who he said witnessed an argument between he and the victim (McCoy was apparently dating another woman) and who "would have been able to testify that they heard the nature of the argument, itself, which would give rise to the motivation for which this charge was lodged." But having knowledge of why the argument occurred would not have refuted the victim's testimony of what happened inside the apartment between McCoy and the victim. Even if McCoy were blameless and the victim started the fight, that fact would not excuse his criminal actions inside the apartment. And McCoy offered nothing to show that any of the three people were actually present when the criminal acts occurred. This failed to demonstrate "a viable, tangible connection between the missing evidence or the unavailable witness to the defense of the case." *State v. Walker*, 8th Dist. Cuyahoga No. 106414, 2018-Ohio-3669, ¶ 22, citing *State v. Richardson*, 2016-Ohio-5843, 70 N.E.3d 1175, ¶ 13 (8th Dist.).

{¶15} We reach a similar conclusion with respect to the cell phone records. McCoy did not state when the text messages were sent — he claimed only that the text messages would have explained a possible motivation for the victim to fabricate her allegations against him. But no matter what the text messages might have shown about the origin of the dispute between McCoy and the victim, they would have been irrelevant to justify McCoy's criminal actions inside the apartment. Having failed to establish actual prejudice, McCoy failed to carry his burden of establishing preindictment delay.

## IV. Sexual Motivation Specification

{¶16} In its sentencing entry, the court stated that the jury found McCoy guilty of kidnapping with a sexual motivation specification. In fact, the jury found McCoy not guilty of the sexual motivation specification. The state concedes that the court erred in this respect. We agree and sustain this assignment of error and remand with instructions for the court to amend its sentencing entry.

## V. Sentence

{¶17} The court sentenced McCoy to ten years in prison which, at the time he committed his crime in October 2007, was the maximum sentence for a felony of the first degree (the current maximum for a felony of the first degree is 11 years). McCoy complains that the court failed to appropriately apply the serious and recidivism factors necessary to impose a sentence of that length and that he should have received a minimum sentence.

{¶18} A trial judge must do two things before imposing sentencing: first, the judge must ensure that the sentence falls within the applicable statutory range for a particular degree of felony; second, the judge must consider the purposes of felony sentencing set forth in R.C. 2929.11 and the applicable seriousness and recidivism factors contained in R.C. 2929.12. *State*

*v. Glenn*, 8th Dist. Cuyahoga No. 100726, 2014-Ohio-4084, ¶ 3-5. McCoy's sentence fell within the applicable statutory range, and the court stated that it considered all required factors of the law. It thus fulfilled its legal obligations.

**{¶19}** What McCoy really argues is that his sentence is too long and that he should have received the statutory minimum sentence. The law is clear, however, that a trial court has full discretion to impose any term of imprisonment within the statutory range, as long as it considers the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Ray*, 8th Dist. Cuyahoga No. 101142, 2014-Ohio-4689, ¶ 14, citing *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8. The only way for us to reverse or modify the sentence is if we can determine, by clear and convincing evidence, that the record does not support the trial court's sentence. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. In making this determination, we acknowledge that how a sentencing judge decides to weigh and apply those factors to a particular case is an exercise of discretion. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10; *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323, ¶ 9. We cannot substitute our judgment for that of the sentencing judge. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20 (8th Dist.).

**{¶20}** The remarks made by the court at sentencing showed that it specifically considered the violence of the acts charged in the case, McCoy's prior history of criminal conduct, his repeated failures to comply with postrelease control (some of which were in cases presided by the trial judge), the seriousness of the acts committed against the victim, and his lack of remorse. For his part, McCoy offered nothing of any substance in mitigation apart from apologizing to the victim for "any of the abuse or the arguments or the things that we went through that were not

documented in the courts." On this record, we cannot clearly and convincingly find that the record does not support the sentence.

**{¶21}** Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the trial court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

*STEPHEN A. YARBROUGH, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

*(Sitting by Assignment: Judge Stephen A. Yarbrough, retired, of the Sixth District Court of Appeals).