[Cite as *State v. Pinney*, 2021-Ohio-3483.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

SANDY DIANE PINNEY,

        Defendant-Appellant.

CASE NO.  2021-A-0013

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00494

**O P I N I O N**

Decided: September 30, 2021
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Marie Lane*, Ashtabula County Public Defender, 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Sandy Diane Pinney, appeals the March 2, 2021 judgment of the Ashtabula County Court of Common Pleas overruling her motion to dismiss due to pre-indictment delay, and the March 30, 2021, judgment sentencing her to twelve months community control on one count Insurance Fraud.  On appeal, she asserts a due process violation stemming from the state's delay in prosecution.  For the reasons discussed herein, the judgments are affirmed.

{¶2}    In October 2018, appellant staged a fall on a broken egg while shopping at Wal Mart.  She suffered a broken ankle; however, Wal Mart denied her insurance claim and she received no monetary compensation.  An investigation was submitted to the prosecutor's office in 2019, though the exact timeframe of the final investigation is disputed.  Meanwhile, in August 2021, appellant was under indictment for an unrelated offense, to which she pleaded guilty and served a twelve-month prison term.  In October 2020, after her release in the unrelated matter, the state charged appellant with one count Insurance fraud in violation of R.C. 2913.47(B)(1)&(C), a felony of the fifth degree, in relation to the Wal Mart fall.  At her arraignment, appellant pleaded not guilty.

{¶3}    On January 12, 2021, appellant filed a motion to dismiss due to a pre-indictment delay arguing prejudice in that she was deprived of the ability to argue for a concurrent sentence, or from seeking a negotiated plea that would have concluded the matter prior to her release from prison.  Additionally, she argued that although the events occurred in 2018, the conviction appears on her record in 2021, after the completion of the 2019 prison sentence.  Following a hearing. the trial court overruled appellant's motion, finding there was no evidence that the State was negligent or intentional in the delay, and that appellant failed to demonstrate prejudice in preparing her defense due to the delay.

{¶4}    In March 2021, appellant withdrew her not guilty plea, and entered a plea of no contest to an amended count one, Insurance Fraud, in violation of R.C. 2913.47(B)(1), a misdemeanor of the first degree.  The court sentenced appellant to a twelve-month period of community control.

{¶5}    Appellant now appeals, assigning one error for our review, which states:

2

{¶6}    The trial court erred when overruling Appellant's motion to dismiss based upon the actual prejudice suffered by Appellant as a result from the State's unjustifiable delay in prosecution, thereby violating Appellant's right to due process.

{¶7}    "In reviewing a trial court's decision on a motion to dismiss for preindictment delay, this court applies a de novo standard of review to the legal issues, but we afford great deference to the trial court's findings of fact."  (Citations omitted.)  *State v. Lynch*, 8th Dist. Cuyahoga No. 105122, 2018-Ohio-1078, ¶20.  See also *State v. Bruce*, 11th Dist. Portage No. 2017-P-0034, 2018-Ohio-1980, ¶10.

{¶8}    "[W]hen unjustifiable preindictment delay causes actual prejudice to a defendant's right to a fair trial despite the state's initiation of prosecution within the statutorily defined limitations period, the Due Process Clause affords the defendant additional protection."  *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, ¶11, citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977)

{¶9}    In *Jones,* the Supreme Court of Ohio clarified that "preindictment delay violates due process only when it is unjustifiable and causes actual prejudice."  *Jones, supra*, at ¶12.  "Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for delay."  *Jones, supra,* at ¶13, citing *State v. Whiting,* 84 Ohio St.3d 215, 217 (1998).  If the defendant fails to show actual prejudice, the state need not present evidence justifying the delay in the case.  *See Jones, supra,* at ¶16.

{¶10}    "To demonstrate prejudice, appellant 'must point quite specifically to how [he] was prejudiced, and the defendant's showing must be concrete, not speculative.'"  *State v. Ware*, 11th Dist. Lake No. 2007-L-154, 2008-Ohio-3992, ¶19, quoting *United States v. Doerr*, 886 F.2d 944, 964 (C.A.7, 1989); see also *State v. Owens*, 8th Dist.

3

Cuyahoga No. 102276, 2015-Ohio-3881, ¶4 ("[T]his court has made it clear that speculation does not show actual prejudice."). In *State v. Luck,* Supreme Court of Ohio has found actual prejudice due to the death or faded memory of key witnesses and the loss of evidence. *See State v. Luck,* 15 Ohio St.3d 150, 157 (1984). However, the Court has clarified that "the *possibility* of faded memories, inaccessible witnesses, and lost evidence is insufficient to demonstrate actual prejudice." (Emphasis added.) *Jones, supra*, at ¶27. Thus, mere possibilities do not prove actual prejudice.

{¶11} Here, appellant argues that the delay in prosecution deprived her of the ability to argue for concurrent sentences or negotiate the plea in the unrelated case. The state argues that appellant's argument must fail because she presented no evidence of this allegation to the trial court. We agree.

{¶12} At the hearing on her motion to dismiss, appellant argued that the delay in prosecution deprived her of the ability to argue for or negotiate concurrent sentences; she did not, however, present evidence of actual prejudice. Indeed, appellant's argument is fundamentally, and fatally, speculative; she argues that she was not permitted *the opportunity* to argue for concurrent sentences. Thus, appellant has not shown actual prejudice, and her sole assignment of error is without merit.

{¶13} In light of the foregoing, the judgments of the Ashtabula County Court of Common Pleas are affirmed.

MARY JANE TRAPP, P.J.,

JOHN J. EKLUND, J.,

concur.

4

Case No. 2021-A-0013